IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRACY L. TODD,** | : | Civil Action No. 1:08-CV-00240 |
| **Plaintiff** | : | |
| v. | : | (Chief Judge Kane) |
| **F. J. TENNIS et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

**I.   BACKGROUND**

Before the Court is a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Plaintiff Tracy L. Todd on February 4, 2008.  (Doc. No. 1.)  He has also filed a motion for leave to proceed in forma pauperis.  (Doc. No. 2.)  Named as defendants are: several individuals employed at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania ("SCI-Rockview"),[1] where Plaintiff was confined several years ago; several employees of a contracted health care provider;[2] and Jeffrey Beard, the Secretary of Pennsylvania's Department of Corrections ("DOC").  The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915.  For the reasons that follow, Plaintiff will be required to file an

---

[1] These named defendants are Doe Woodhouse, corrections officer; Doe Gartner, deputy warden; Ray Coffman, deputy warden (deceased) (see Todd v. Tennis, et al., Civil Action No. 1:06-CV-01193, Doc. 26.); F. J. Tennis, warden; J. Rackovan, grievance coordinator; Sharon M. Burks, chief grievance coordinator; J.P. Kertis, corrections officer; Joel S. Dickson, deputy warden; Doe Goodman, corrections officer; and Doe Prost, corrections officer.

[2] These named defendants are Tamara M. Chambers, nurse; R. Ellers, health care administrator; B. Kohle, nurse; Erika Foose, nurse supervisor; R. Smith, nurse; John Symons, medical director; Christina Doll, physician; Aaron Thompson, physician assistant; Doe Corl, nurse; Jane Davis, physician assistant; E. Coffmen, nurse; E. McDonel, nurse; Judy Hicks, HMO administrator; Nicki Doe, nurse; Kathleen Kennedy, physician assistant; Winifred M. Berger, physician; Valerio Senko, physician assistant; and Joseph Romeo, physician.

amended complaint within twenty (20) days of the date of this order.

In the complaint, Plaintiff sets forth various Eighth Amendment claims including use of excessive force, deprivation of food, and inadequate medical care. He also alleges that he was denied access to the courts and subjected to racial discrimination. However, the complaint sets forth only one date in reference to an alleged assault on Plaintiff by Defendant Woodhouse. With respect to the remaining defendants, the Court is unable to determine the time frame for which Plaintiff is asserting his claims of constitutional misconduct. Without such dates the Court cannot determine whether process should be issued as to the instant complaint. Thus, the Court will direct Plaintiff to file an amended complaint in conformity with the Federal Rules of Civil Procedure.

## II.   DISCUSSION

Federal notice pleading rules require the complaint to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007). Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Montville Twp. v. Woodmont

Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, ___ U.S. at ___, 127 S. Ct. at 1969). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

In the instant action, due to the deficiency of Plaintiff's filed complaint, the Court will direct him to file an amended complaint. Plaintiff is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must establish the existence of actions by defendants which have resulted in constitutional deprivations. E.g., Rizzo v. Goode, 423 U.S. 362, 370-73 (1976). Further, Plaintiff's amended complaint should be limited with respect to only those defendants and claims that arise out of the same transaction or occurrence or series of transactions or occurrences and that have questions of law or fact common to all defendants and claims. See Fed. R. Civ. P. 20(a); Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974). Plaintiff should file separate actions as to any defendants and claims that do not share common legal and factual questions and that do not arise out of the same transactions or occurrences.

Plaintiff will be afforded twenty (20) days within which to submit his amended complaint which satisfies Rule 8. Failure to submit an amended complaint which complies with the directives set out herein may result in dismissal of the complaint.

An appropriate order will issue.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TRACY L. TODD,** | : | Civil Action No. 1:08-CV-00240 |
| **Plaintiff** | : | |
| v. | : | (Chief Judge Kane) |
| **F. J. TENNIS et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, this 23rd day of May, 2008, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

    1. Plaintiff shall file an amended complaint within twenty (20) days of the date of this order;

    2. The amended complaint shall properly allege a claim under 42 U.S.C. § 1983;

    3. The amended complaint shall contain a simple, concise statement of the facts in numbered paragraphs, see Fed. R. Civ. P. 8, 10;

    3. The amended complaint shall contain only the claims and defendants that are related and involve the same transactions or occurrences and have a common legal and factual basis as required by Federal Rule of Civil Procedure 20(a);

    4. The amended complaint shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed; and,

    5. Failure to timely file an amended complaint may result in dismissal of the action.

                                                    s/ Yvette Kane
                                                    Yvette Kane, Chief Judge
                                                    Middle District of Pennsylvania